Oakley, J.
[After an abstract of the pleadings.] The principal objection made to the first count of the declaration, is, that it does not set forth a sufficient consideration for the defendant’s promise.
The plaintiffs being a body corporate, with power to create a stock for the purposes contemplated by the act of incorporation, had a right to open a subscription for such stock, on any terms they thought proper to prescribe, not inconsistent with the provisions of the said act. The defendant by the act of subscribing, became interested in the stock of the company, and on paying the amount of his subscription, could at any time, compel the company to give him a proper certificate for the same. It is now the doctrine of the Supreme Court, as I understand it, that the interest thus acquired by the subscription, is a good consideration to support the promise to pay, and that an action may be maintained on such subscription, though the corporation may possess the power of forfeiting the stock for default of payment. [Goshen Turnpike v. Hurtin, 9 J. R. 217. The Dutchess Cotton Manufactory v. Davis, 14 J. R. 238.]
The averments in the declaration, seem to me, to bring the present case within this principle. They are somewhat informal, but they set forth the agreement of the defendant to take the stock, and the fact of his subscribing for it. His interest in the company is thereby shown, and that will support his promise to pay the instalments, according to the terms of the subscription.
The second count of the declaration sets forth the consideration of the defendant’s promise, in a formal manner, and is clearly within the principles of the cases above referred to. It is objected, however, to this count, that notice to the defendant is not averred, that an amount of stock had been subscribed for, sufficient to justify the commencement of the canal. By the terms *510 of the subscription, the first instalment did not become payable until such an amount of stock was subscribed, and the other instalments were to become due at stated periods, after the first should be called for. It is averred, that such a call was made, and that the defendant was required to pay, &c. If any notice of the amount of the stock subscribed was necessary, I am inclined to think, that the call for the first instalment was a sufficient notice. That call could be made, only on the event of the subscription of the requisite amount of stock, and the defendant having notice of the call, was thereby necessarily apprized of the fact, of a sufficient subscription having been made. The demurrer must be overruled.
Judgment for the plaintiffs on the demurrer, with leave to the defendant, &c.
[J. L. Mason, Att’y for the plffs. Judah, Att’y for the deft.]